**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROCHELLE REXIUS,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No: 2:14–cv–164–JAD–VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Rochelle Rexius' appeal from Defendant Carolyn W. Colvin's final decision denying Rexius social-security benefits. (Compl. (#1-1) at 2–3[1]). Before the court is Rexius' Motion to Remand (#11). In response, Colvin filed an opposition (#18) and Cross Motion to Affirm (#17). For the reasons stated below, the court recommends denying Rexius' Motion to Remand and granting the Colvin's Motion to Affirm.

**STANDARD OF REVIEW**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer

---

[1] Parenthetical citations refer to the court's docket or the administrative record.

matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**DISCUSSION**

Rexius' Motion to Remand presents one question: whether the ALJ provided "specific and legitimate reasons" for discounting the opinion of his examining physician, Dr. David J. Oliveri, M.D. (*See* Pl.'s Mot. to Remand (#11) at 5:9–10, 15). The court finds that the ALJ's decision was supported by "specific and legitimate reasons" and that those reasons are supported by "substantial evidence." The begins with the governing law.

**I.      Weighing Medical Opinions under the Social Security Act**

All physicians are not treated equally under the Social Security Act. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). The Act discriminates between three kinds of physicians: (1) treating physicians, who treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining or reviewing physicians, who merely review the claimant's file. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(d).  Generally, a treating physician's opinion is given "controlling weight," which is more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Lester*, 81 F.3d at 830; 20 C.F.R. § 404.1527(c)(2), (d).

This hierarchy, however, is not inflexible. Where, as here, "a treating or examining doctor's opinion is contradicted by another doctor's opinion," the ALJ may reject the treating or examining doctor's opinion by "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).[2]

Historically, specific and legitimate reasons include (1) conflicting medical evidence, (2) the absence of regular medical treatment during the alleged period of disability, and (3) the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain. *Hixson*

---

[2] The Commissioner argues that the rules and regulations set forth by Congress and the Social Security Administration merely require an ALJ to provide "good reasons that are supported by substantial evidence" when rejecting a physician's opinion. (*See* Opp'n (#17) at 8). It further argues that "[t]o the extent the Ninth Circuit's judicially-created standard exceeds the requirements set forth by Congress and by the Commissioner . . . it would appear to be improper." (*Id.* at 8:10–13). The Commissioner failed to show that the relevant Ninth Circuit authority has been overruled. (*See generally id.*) This court is bound by Ninth Circuit law. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue [. . .] Binding authority must be followed unless and until overruled by a body competent to do so").

*v. Colvin*, No. 13–cv–05091–VEB, 2014 WL 3608899, at *4 (E.D. Wash. July 22, 2014) (citing *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463–64 (9th Cir. 1995)).

Recently, the Ninth Circuit explained that ALJ fails to set forth "specific and legitimate reasons" if the ALJ (1) rejects or assigns little weight to the opinion "while doing nothing more than ignoring it," (2) "assert[s] without explanation that another medical opinion is more persuasive," or (3) "criticiz[es] it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

## II. <u>ALJ Provided "Specific and Legitimate Reasons" for Discounting Dr. Oliveri's Opinion</u>

Rexius argues that the ALJ did not provided "specific and legitimate reasons" for discounting Dr. Oliveri's opinion for one general reason: "[t]he ALJ's articulated reasons are legally insufficient[,] lack the support of substantial evidence" and are "fallacious." (*See* Pl.'s Mot. to Remand (#11) at 8:10–11, 8:17–19 9:13). In other words, Rexius argues that the ALJ's findings are conclusory and boilerplate. The court disagrees for several reasons. Its analysis proceeds in three parts: (1) a discussion why Dr. Oliveri opinion is not entitled to controlling weight; (2) a discussion why the ALJ's decision to assign Dr. Oliveri's opinion "very little weight" is supported by "specific and legitimate reasons" and "substantial evidence;" and (3) a brief discussion on why the ALJ did not, as Rexius asserts, impermissibly cast aside Dr. Oliveri's conclusion that Rexius is disabled.

### A. *Dr. Oliveri's Opinion is not Entitled to Controlling Weight*

As a preliminary matter, the ALJ's conclusion that Dr. Oliveri's opinion "is not entitled to controlling weight," (*see* Admin. Rec. at 41), is supported by substantial evidence. Only a treating physician's opinion is given "controlling weight." 20 C.F.R. § 404.1527(c)(2); *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007). A treating physician is one "who has, or has had, an ongoing treatment

4

relationship with" the claimant. *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (citing 20 C.F.R. § 404.1502).

Here, Dr. Oliveri stated on the face of his report that he examined Rexius once. (*See* Admin. Rec. at 496) ("I have been asked to evaluate Ms. Rexius in reference to the houseboat incident in February 2005."). Dr. Oliveri, therefore, is not a treating physician and the ALJ's decision to not give Dr. Oliveri's opinion controlling weight is supported by substantial evidence.

**B.**     ***Specific and Legitimate Reasons & Substantial Evidence Support the ALJ's Decision***

The court now turns to the heart of Rexius' appeal: her contention that ALJ's findings are conclusory and boilerplate because he did not articulate "specific and legitimate reasons" for assigning "very little weight" to Dr. Oliveri's opinion. (*See* Pl.'s Mot. to Remand (#11) at 8:10–11, 8:17–19, 9:13). The court rejects Rexius' contention for four reasons.

First, the ALJ's conclusion that Dr. Oliveri's opinion carries "very little weight," (*see* Admin. Rec. at 43), is supported by "specific and legitimate reasons" because it conflicted with other medical and testimonial evidence. *Flaten*, 44 F.3d at 1463–64. Here, the ALJ discounted Dr. Oliveri's opinion because it is "inconsistent with the great weight of evidence." (Admin. Rec. at 43). Dr. Oliveri opined that Rexius "was capable of less than sedentary [work]." (Admin. Rec. at 43). The ALJ noted, however, that "the State agency physical consultant [] assessed the claimant as capable of performing a range of sedentary work." (*Id*. at 42).

The ALJ also stated that "the claimant also admitted to working 'sort of full time' from June of 2011 through the dates of the administrative hearing." (*Id*.) He added: "her ability to maintain 'sort of full time' employment for approximately eight months indicates that she has been generally able to function at a higher level than reported." (*Id*.) Indeed, Rexius "testified to being able to comfortably life 10 pounds, only modifying her response to indicate lesser capacity after further questioning from her

representative." (*Id.*); (*see also* Admin. Rec. at 132) (Rexius' work history). The State's medical evidence and Rexius' testimony provide specific and legitimate reasons for assigning "very little weight" to Dr. Oliveri's opinion. *Flaten*, 44 F.3d at 1463–64.

Second, the ALJ's conclusion that Dr. Oliveri's opinion carries "very little weight," (*id.* at 43), is supported by specific and legitimate reasons because Rexius did not seek "regular medical treatment during the alleged period of disability." *Flaten*, 44 F.3d at 1463–64. The ALJ stated: "[t]he claimant continued to seek regular follow up care in 2009 and 2010, but was noted on multiple occasions as having failed to follow up with treatment recommendations such as starting physical therapy, scheduling lumbar facet injections, or following up with a treating physician for her gallbladder issues." (Admin. Rec. at 41).[3] The ALJ also determined that "the record reflects that the claimant delayed seeking physical therapy on at least three occasions" and that "[s]he also delayed scheduling her recommended lumbar facet injections at least twice." (*Id.* at 42).

These findings are supported by substantial evidence. (*See id.* at 41) (citing Ex. 7F). On November 22, 2010, October 19, 2010, September 20, 2010, Dr. Brian Lemper's completed office visit notes, which begin: "She hasn't followed up with Dr. Hirschefeld." (Admin Rec., Ex. 7F at 380, 389, 398). A fourth, dated August 17, 2013, concludes by stating: "She hasn't started physical therapy yet." (*Id.* at 407).

Third, the ALJ's conclusion that Dr. Oliveri's opinion carries "very little weight," (*id.* at 43), is supported by specific and legitimate reasons because the ALJ did not (1) reject or assigns little weight to Dr. Oliveri's opinion "while doing nothing more than ignoring it," (2) "assert without explanation that

---

[3] The fact that the first sentence's introductory clause indicates that Rexius did, in fact, seek regular medical care is inapposite for purposes of this court's review. It is well settled that if the record supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

another medical opinion is more persuasive," or (3) criticize Dr. Oliveri's opinion "with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13. As stated above, the ALJ discounted Dr. Oliveri's opinion because (1) Dr. Oliveri only examined Rexius once and, therefore, is not a treating physician whose opinion carries controlling weight, (2) Dr. Oliveri's opinion conflicted with other evidence in the record, and (3) Rexius delayed seeking regular medical treatment for her condition. These reasons are "specific and legitimate," supported by substantial evidence, and not conclusory or boilerplate. This is all that is required. *See Garrison*, 759 F.3d at 1012–13.

Fourth, although not addressed by the parties, the court notes that the ALJ's decision to discount Dr. Oliveri's opinion is supported by substantial evidence because the factors set forth by 20 C.F.R. § 404.1527 corroborate the ALJ's conclusion. When weighing medical opinions, the Social Security Administration considers the following factors: (1) the length of the treatment relationship and the frequency of the examination; (2) nature and extent of the treatment relationship; (3) supportability in the record; and (4) consistency with the record, among others. 20 C.F.R. § 404.1527(c). These factors support the ALJ's decision to discount Dr. Oliveri's opinion. As stated above, Dr. Oliveri only examined Rexius once; the nature and extent of the relationship was limited; and his opinion was not consistent with or supported by other medical or testimonial evidence in the record.

Therefore, the ALJ's decision to assign Dr. Oliveri's opinion "very little weight" is supported by specific and legitimate reasons and substantial evidence.

### C.     *Dr. Oliveri's Conclusion that Rexius is Disabled*

A final issue remains: Rexius argues that the ALJ impermissibly cast aside Dr. Oliveri's conclusion that Rexius is disabled. (*See* Pl.'s Mot. to Remand (#11) at 8:17–19). He did not. The decision on whether a claimant is disabled is a legal conclusion reserved for the Commissioner. *See* 20

C.F.R. § 404.1527(d)(1). The regulations state: "We are responsible for making the determination or decision about whether you meet the statutory definition of disability." *Id*.

Here, Dr. Oliveri reported that Rexius is "totally disabled" and the ALJ, citing the regulations, rejected Dr. Oliveri's opinion as one reserved for the Commissioner. (Admin. Rec. at 41). Now, Rexius argues that this constituted error because the ALJ cannot simply "cast [Dr. Oliveri's opinion] aside" without providing specific and legitimate reasons for discounting Dr. Oliveri's opinion. (*See* Doc. #11 at 8:17, 24–25) (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). The ALJ did, however, provide specific and legitimate reasons for discounting Dr. Oliveri's opinion. (*See generally supra*).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Rochelle Rexius' Motion to Remand (#11) be DENIED.

IT IS FURTHER RECOMMENDED that Colvin's Cross Motion to Affirm (#17) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 17th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE