UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rochelle Rexius,<br><br>    Plaintiff,<br>v.<br><br>Carolyn W. Colvin,<br><br>    Defendant. | Case No. 2:14-cv-164-JAD-GWF<br><br>**Order** |

Plaintiff Rochelle Rexius[1] filed an application for disability insurance with the Social Security Administration in February of 2010. She alleged she had been unable to work for nearly two years because of severe, back, neck, and shoulder pain, and because she suffered from depression and had problems concentrating. *See* Doc. 11 at 3. The SSA denied her request, and an administrative law judge (ALJ) upheld that denial on appeal, as did the SSA review board. *Id*. Rexius then appealed to this court for review and I referred to U.S. Magistrate Judge Foley for findings and recommendations both Rexius's motion for reversal of the Commissioner's denial (Doc. 11) and the Commissioner's cross-motion to affirm the denial (Doc. 17).

After thoroughly evaluating the parties' arguments, Judge Foley recommends I deny Rexius's motion for reversal and grant Colvin's cross-motion to affirm. *See* Doc 19. Rexius objects, arguing that Judge Foley used *post hoc* rationale to improperly adopt the ALJ's decision to discount the opinion of Dr. David. J. Oliveri, M.D. *See* Doc. 20 at 2-7. I disagree. I find that, given how much other evidence contradicted Dr. Oliveri's opinion, Judge Foley correctly concluded that the ALJ's original decision was supported by both (1) "specific and legitimate reasons" and (2) "substantial evidence." Thus, I adopt Judge Foley's findings and recommendations, deny Rexius's motion, overrule his objections, adopt Judge Foley's findings and recommendations, and grant Colvin's

---

[1] Throughout Rexius's objections, her name appears as "Rexus." But in all the rest of the filings, as well as in the caption of Rexius's order, her name appears as "Rexius."

cross-motion to affirm.

**Discussion**

A U.S. magistrate judge may be designated to "conduct hearings . . . and to submit proposed findings of fact and recommendations" regarding the disposition of motions before the Court.[2] A party may file objections to these proposed findings and recommendations, which the district court reviews de novo.[3] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[4]

**A.     Standard of Review: Substantial Evidence or Legal Error**

The district court's review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards; I may set the ALJ's determination aside only if the ALJ's finding is not supported by substantial evidence or is based on legal error.[5] "Substantial evidence means more than a scintilla but less than a preponderance" and is evidence that "a reasonable person might accept as adequate to support a conclusion."[6] If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm.[7] I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

---

[2] 28 U.S.C. § 636(b)(1)(B).

[3] 28 U.S.C. § 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003)) (finding that de novo review is required as to findings of fact and conclusions of law where parties object).

[4] 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

[5] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

[6] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[7] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

with or without remanding the cause for a rehearing."[8]  I may also order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[9]

Rexius is entitled to disability benefits under the Social Security Act if she (a) "suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work . . . [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy."[10]  If Rexius demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that the claimant can perform a significant number of other jobs that exist in the national economy.[11]

The ALJ found that Rexius could still perform her past work both as an engineering assistant and as a claims adjuster.  Rexius's main objection to this finding, and to Judge Foley's Report and Recommendation, centers around whether the medical opinion of Dr. Oliveri was improperly discounted.

**B.    Weighing Medical Evidence**

Not all physicians are treated equally under the Social Security Act.[12]  There are physicians who treat the claimant; there are physicians who examine the claimant but provide no treatment; and there are physicians who neither treat nor examine the claimant but simply review the claimant's file.[13]  As a general rule, more weight should be given to the opinion of a treating physician than an examining physician, and to the opinion of an examining opinion than to a physician who only

---

[8] 42 U.S.C. § 405(g).

[9] *Id.*

[10] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

[11] *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

[12] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

[13] *Id*.

reviews the claimant's file.[14]

Dr. Oliveri only saw Rexius once.[15] He did not have the ongoing relationship with Rexius needed for him to be considered a treating physician, which means his opinion should not be given "controlling weight."[16] Instead, Dr. Oliveri has the status of an examining physician.

### C.     Specific and Legitimate Reasons and Substantial Evidence

As an examining physician, Dr. Oliveri can have his opinion rejected by the ALJ if that opinion is contradicted by the opinion of another doctor and the ALJ provides "specific and legitimate reasons that are supported by substantial evidence."[17] "The ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation therof, and making findings."[18] But he must "do more than state conclusions. He must set forth his own interpretations and explain why they, rather than [Dr. Oliveri's], are correct."[19]

Rexius contends that the ALJ in this case did not meet the substantive evidence requirement when he discounted Dr. Oliveri's opinion. In her view, the ALJ relied on "biolerplate non-specific rationale,"[20] which Judge Foley's Report and Recommendation then impermissibly bolstered with *post hoc* reasoning.[21] In particular, she takes issue with Judge Foley's reliance on how she repeatedly failed to carry out the treatments recommended to her: twice, she delayed scheduling lumbar injections; three times, she delayed seeking physical therapy; and she also, on multiple occasions,

---

[14] *Lester*, 81 F.3d at 830.

[15] *See* Doc. 10-2 at 2.

[16] *See* 20 C.F.R. § 404.1527(c) (limiting "controlling weight" to the opinions of treating physicians).

[17] *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

[18] *Id.*

[19] *Id.*

[20] Doc. 20 at 7.

[21] *Id.* ("[T]he Report and Recommendation look[s] to supplant [the ALJ's] rationale with reasons never articulated by the ALJ as a basis to reject Dr. Oliveri's opinion. This is reversible error.").

neglected to follow up with her gallbladder physician.[22]  According to Rexius, Judge Foley's use of this evidence "is *post hoc* rationale never asserted by the ALJ."[23]

I disagree.  The ALJ spends considerable time in his report documenting Rexius's many instances of what he suspects might be malingering and ultimately concludes that "[t]hese delays in and/or failure to follow through on several treatment recommendations suggest that the symptoms may not have been as serious as has been alleged in connection with this application and appeal.  It may also be an indication that the claimant is unwilling to do what is necessary to improve her condition."[24]  Each of these instances is part of the "great weight of evidence"[25] the ALJ identified as the reason why he did not give much credence to the opinion of Dr. Oliveri, who, after examining Rexius once, claimed she would qualify for total disability and could not do even sedentary work.[26] Other evidence the ALJ relied on includes: (1) how the physical consultant at the state agency determined that Rexius was "capable of performing a range of sedentary work"[27]; (2) how Rexius testified that she worked "sort of full time" during the eight months leading up to the administrative hearing[28]; (3) how Rexius also testified that she is able to able to comfortably lift 10 pounds[29]; (4) and how a psychologist who evaluated her concluded that her depression and problems with

---

[22] Doc. 19 at 6.

[23] Doc. 20 at 6.

[24] Doc. 10-1 at 42.

[25] *Id*. at 43.

[26] *See* 10-2 at 502.

[27] *Id.* at 42.

[28] *Id.*

[29] Rexius eventually modified her answer to a lesser amount, but the ALJ notes that this modification seemed to be rprompted by her lawyer. "[T]he claimant initially testified to being able to comfortably lift 10 lbs, only modifying her response to indicate lesser capacity after further questioning from her representative." *Id.*

concentration could be resolved with "no more than 6 counseling sessions."[30]

In sum, the ALJ provided the required "specific and legitimate reasons" for discounting Dr. Oliveri's testimony. He identified conflicting medical evidence.[31] He identified times when Rexius failed to seek treatment.[32] And he pointed to a general lack of a support for the judgments Dr. Oliveri made. He also correctly determined that Dr. Oliveri's conclusion that Rexius would qualify for total disability has no legal import. Under 20 C.F.R § 404.1527(d)1, only the Commissioner of the Social Security Administration is authorized to classify a claimant as disabled.

Under the substantial evidence standard, I must uphold the ALJ's decision if it is supported by "evidence as a reasonable might accept as adequate to support a conclusion."[33] That is certainly the case here. I therefore deny Rexius's motion for remand, overrule her objections, adopt Judge Foley's Report and Recommendation, and grant the Commissioner's cross-motion to affirm.

## Conclusion

**IT IS THEREFORE ORDERED** that Rochelle Rexius's Motion for Remand **[Doc. 11] is Denied** and that her Objections to Magistrate Judge Foley's Report and Recommendation **[Doc. 20] are OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Foley's Report and Recommendation **[Doc. 19] is ADOPTED** and the Commissioner's Cross-Motion to Affirm **[Doc. 17] is Granted**.

DATED January 30, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[30] *Id.* at 39.

[31] *See Flatten v. Secretary of Health and Human Services* (9th Cir. 1995) (finding the ALJ justified in using "substantial conflicting medical evidence" to discount physician's report).

[32] *See Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989) (finding that it is appropriate for an ALJ to draw inferences from "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribe course of treatment").

[33] *Consolidated Edison Co. v.. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla of evidence"); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").